## T. B. MICOU v. ELIZABETH DAVIS et al.

CHANCERY PLEADINGS AND PRACTICE. *Sale of land. Rights of purchasers.* A stranger who becomes the purchaser of land under a decree, will get a title which will not be affected by a reversal of the decree, for error apparent, upon a writ of error or bill of review brought after the sale; *aliter*, it seems, if the person at whose instance the sale is made becomes the purchaser.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

L. & E. LEHMAN for complainant.

J. P. SYKES and T. B. MICOU for defendants.
17—VOL. 16.

COOPER, J., delivered the opinion of the court.

Bill to enforce the lien of complainant as a law-
yer on land, in which the defendants made default,
and such proceedings were had that the land was
sold in satisfaction of the lien, and bought by J. G.
Handwerker.   The clerk reported the sale, adding that
the purchaser had not complied with the terms of sale.
Thereupon, on motion of the complainant, it was or-
dered by the court that the sale stand confirmed, un-
less the purchaser should, on a designated day of the
term, appear and show sufficient cause to the con-
trary.   The purchaser appeared on the day indicated,
and undertook to assign reasons why the sale should
not be confirmed.   The chancellor held that the rea-
sons were insufficient, confirmed the sale, and ordered
the land to be resold at the expense and risk of the
purchaser, unless the terms were complied with in a
reasonable time.   The purchaser appealed.

The ground of objection to the sale is that the
lien sought to be enforced was declared by this court
in a case in which the complainant's client was a
defendant, and the declaration was void.   Under a
bill filed by one Robert R. Durant against Elizabeth
Davis, the lot in question had been sold in satisfac-
tion of the complainant's debt, and the sale confirmed
to the complainant Durant.   Afterward, Elizabeth
Davis, by the present complainant as her solicitor,
filed a bill of review to set aside the decree in the
previous case for errors of law apparent on the face
of the record, and such proceedings were had that
the decree was reversed and annulled: *Durant* v. *Da-*

*vis,* 10 Heis., 522. The decree entered upon this reversal concludes thus: " On motion of T. B. Micou, Esq., a lien is declared in his favor upon the real estate herein recovered for his fees as solicitor for Mrs. E. Davis."

Whether this declaration is valid, either because the bill of review was a bill for the recovery of the land within the meaning of our decisions, or because the declaration is *res adjudicata* until successfully impeached in some proper mode, or simply void, is immaterial in this case. For the decree in this case treats the lien as valid, and even if the decree be erroneous the purchaser, who is a stranger to the suit, will get a good title under it, which cannot be affected · by a reversal, either upon a writ of error or a bill of review: Code, sec. 3186; *Noe* v. *Livingston,* 1 Lea, 55, 66. It would be otherwise, it seems, if the party at whose instance the sale was made had become the purchaser, and it was for this reason that the title was annulled in the case of *Durant* v. *Davis* above, Durant having bought the land.

Affirm the decree with costs.